998 P.2d 921 (2000)
100 Wash.App. 820
STATE of Washington, Appellant,
v.
Rechelle L. JONES, Respondent.
No. 24261-3-II.
Court of Appeals of Washington, Division 2.
May 12, 2000.
*922 Stephen Gregory Johnson, Johnson, Miller & Steele (Court Appointed), Tacoma, for Respondent.
Jerry Ray Adair, Pierce Co. Deputy Pros. Atty., Tacoma, for Appellant.
ARMSTRONG, C.J.
Criminal charges against Rechelle L. Jones were dismissed for violation of the speedy trial rule under CrR 3.3 and State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976). The State appeals. The State first contends that Jones failed to establish that she was a resident of Washington and was, therefore, amenable to process. The State also argues that its lack of due diligence did not prejudice Jones. Specifically, they contend that, even if they had mailed a summons or attempted to serve a warrant on Jones at the address she had given, these efforts would have been futile because Jones did not actually live at the address given. Thus, according to the State, its lack of due diligence did not cause an unnecessary delay. We affirm.

FACTS
On May 19, 1998, Rechelle L. Jones was arrested on suspicion of taking a motor vehicle without permission and unlawful possession *923 of a controlled substance. The next day she was released without being charged.
On June 26, 1998, the prosecutor filed charges against Jones. A bench warrant was issued four days later, listing Jones' address as 11515 205th Avenue East, Bonney Lake, Washington. No summons or notification of charges was ever sent to Jones.
On October 7, 1998, Jones was arrested in Wyoming on the warrant. Jones objected to her arraignment on October 26, 1998, as untimely. A pretrial hearing was set for November 5, 1998, and a trial date was set for January 13, 1999.
Deputy Wagner of the Pierce County Sheriff's Office was responsible for serving warrants in the Bonney Lake area. He did not recall seeing an arrest warrant for Jones. Wagner knew Jones from prior contacts and "felt" that she did not live at 11515 205th Avenue East. He testified that she lived a "transient lifestyle within the methamphetamine community" and frequently resided with people in that community. Wagner spoke with Jones' associates during the relevant time period and got the impression that Jones was in Montana. He made no attempt to locate Jones on the arrest warrant from June through October 1998. Wagner did not believe that Jones would live at 11515 205th Avenue East with her mother because they were on the "outs" with one another. Although he drove by the residence on a daily basis between the months of June and August 1998, he did not stop and ask whether Jones lived there.
Iva Goolsby testified that she moved into the residence at 11515 205th Avenue East in April 1997, which was over a year before Jones' first arrest. When she moved in, she told Jones to vacate the premises. Jones did not live there after that time.
Jones' mother, Dickie Picolet, lived on the property in a travel trailer that was not connected to the main residence. The trailer is about 12 feet long and 6 feet wide. It has a "port-a-potty" but no running water. Goolsby allowed Picolet to live on the property under the condition that she not have company. Picolet failed to abide by this rule on many occasions.
Goolsby did see Jones on the property one time. Goolsby marked any mail received for Jones "does not live here" and put it back in the mailbox. Goolsby said she would have noticed if Jones was living there but also testified that she did not check the trailer at 2:00 to 3:00 in the morning. Goolsby received a collect call from Jones while Jones was in Montana. It is unclear when this call was received.
Jones said she slept in her mother's trailer approximately five hours per night. She arrived at 2:00 or 3:00 a.m. and thus avoided Goolsby. She left Washington for a trip to Wyoming on October 5, 1998, and was arrested two days later. In an affidavit, Jones said she receives all her mail at 11515 205th Avenue East, Bonney Lake, Washington.
The trial court concluded (1) that Jones is a resident of Washington, (2) that the State's failure to inquire into her location, despite knowledge of her domicile, was a lack of due diligence, and (3) that the lack of due diligence caused an unnecessary delay in bringing Jones to trial. The court set a constructive arraignment date of July 10, 1998 (14 days from the June 26th filing of the information), and concluded that she should have been brought to trial before September 24, 1998. Because she was not brought to trial within this time frame, the court dismissed the charges with prejudice.

ANALYSIS
CrR 4.1(a) requires that a defendant be promptly arraigned after the filing of the information. Under CrR 3.3(c)(1), a defendant who is not detained in jail must be arraigned no later than 14 days after her first appearance and brought to trial no later than 90 days after arraignment. But CrR 3.3 does not address the effect of an unnecessary delay between the filing of the information and the arraignment. To address this problem, the Supreme Court held that "where a long and unnecessary delay occurs in bringing a defendant who is amenable to process before the court, CrR 3.3's 90-day trial period is deemed to commence at the time the information was filed, instead of *924 when the defendant finally appeared before the court to answer for the charge." State v. Greenwood, 120 Wash.2d 585, 591, 845 P.2d 971 (1993) (summarizing holding of State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976)).
In Greenwood, the Supreme Court held that Striker still applies following the 1980 revisions to CrR 3.3. Greenwood, 120 Wash.2d at 593-95, 845 P.2d 971. When the defendant is amenable to process and there is an unnecessary delay in bringing the defendant before the court, Striker applies and creates a constructive arraignment date fourteen days after the filing of the information. Greenwood, 120 Wash.2d at 599, 601, 845 P.2d 971. Therefore, a defendant who is not detained in jail must be brought to trial within 104 days of the filing of the information (90 + 14 days). See Greenwood, 120 Wash.2d at 599, 845 P.2d 971. A criminal charge not brought within this time period must be dismissed with prejudice. See CrR 3.3(i).
But the Striker rule only applies if the defendant is amenable to process and if there is a long and unnecessary delay. Greenwood, 120 Wash.2d at 589, 590, 591, 601, 845 P.2d 971. Thus, a constructive arraignment date is not required if the delay is caused by any fault or connivance of the defendant or if the prosecution acts in good faith and with due diligence in attempting to bring the defendant before the court. See Greenwood, 120 Wash.2d at 600-01, 845 P.2d 971.

A. Was Jones Amenable to Process?
The first question is whether Jones was amenable to process. The State contends that the trial court failed to address the issue of residency in its findings of fact and conclusions of law and that the evidence shows that Jones lived outside the state.
Jones bears the burden of showing that she was amenable to process. State v. Roman, 94 Wash.App. 211, 216, 972 P.2d 511, review denied, 138 Wash.2d 1014, 989 P.2d 1139 (1999). The term is defined as "being liable or subject to law." State v. Stewart, 130 Wash.2d 351, 361, 922 P.2d 1356 (1996). An out-of-state defendant who is not in custody is not amenable to process. State v. Hudson, 130 Wash.2d 48, 55, 921 P.2d 538 (1996); Roman, 94 Wash.App. at 217, 972 P.2d 511; see Stewart, 130 Wash.2d at 361, 922 P.2d 1356. If a person is not amenable to process, the State is not required to show due diligence in bringing the person before the court. Stewart, 130 Wash.2d at 363-64, 922 P.2d 1356; Roman, 94 Wash.App. at 217, 972 P.2d 511.
Jones testified that from May through at least October 7, 1998, she lived with her mother at least five hours per night. She left Washington on October 5, 1998, for a trip to Wyoming and was arrested in Wyoming two days later. In conclusion of law (1), the court said, "State v. Hudson, 130 Wash.2d 48, 921 P.2d 538 (1996)[,] does not apply because Defendant Rechelle Jones is a resident and domiciliary of Pierce County, Washington State." (emphasis added). In Hudson, both defendants lived outside the state. Hudson, 130 Wash.2d at 50, 52, 921 P.2d 538. Because they were not amenable to process, the State was not required to show due diligence in bringing them before the court. Hudson, 130 Wash.2d at 58, 921 P.2d 538.
The State contends that by using the language "is a resident" in conclusion of law (1) the court meant that Jones was a resident of Washington on the date that the findings and conclusions were filed. They argue that this finding on residency does not address her residential status from the time of her initial arrest to her first appearance.[1]
Conclusion of law (2) states that "the State's failure to attempt to locate ... Jones or inquire into [her] location, despite the State of Washington's knowledge of the defendant's domicile and numerous opportunities to do so, constitutes a lack of due diligence." Read together, conclusions (1) and (2) suggest that the trial court was referring to Jones' residency during the relevant time period between her initial arrest and her first appearance.
*925 In addition, when findings or conclusions are ambiguous, we may look to the trial court's oral ruling. State v. Hescock, 98 Wash.App. 600, 606, 989 P.2d 1251 (1999). Here, the court said:
I don't think Ms. Jones was an out-of-state defendant in the same way the facts of the Hudson case indicate, because I don't think she was planning on residing for ever and ever, or had any present intent to reside in the other state. She just happened to be there and be arrested there for however that happened. Whether that was a permanent, long-term move or not, I don't think I can make that ruling from the facts in this case. She certainly had more ties to this area, if you look at the facts that have been presented, than she did to that area.
From Jones' testimony and the court's oral ruling, we interpret the court's finding to mean that Jones was a Washington State resident until at least October 7, 1998. This is consistent with the court's conclusions and order of dismissal.
But the State argues that the evidence is insufficient to support this finding. They contend that the evidence establishes that Jones was living in Montana. This argument is without merit.
Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. State v. Halstien, 122 Wash.2d 109, 129, 857 P.2d 270 (1993). Deputy Wagner testified that he spoke to several people in the methamphetamine community and he "was under the impression, or I was told by them that Ms. Jones had left the area and that she was believed to be in Montana." But Jones said she was a resident of Washington and that she spent nights at her mother's trailer. And, although she admitted calling her mother from Montana, the date of the call was not established. This conflict in the evidence is for the trial court to resolve. Fisher Properties, Inc. v. Arden-Mayfair, Inc., 115 Wash.2d 364, 369, 798 P.2d 799 (1990). Jones' testimony alone is sufficient to support the finding that she was a resident of Washington during the time the warrant was outstanding.

B. Did the State conclusively establish that the efforts to mail a summons or serve a warrant at the address given by Jones would have been futile?
The State argues that efforts to serve a warrant or mail a summons would have been futile and asks us to apply Division One's analysis in State v. Vailencour, 81 Wash.App. 372, 914 P.2d 767 (1996). In Vailencour, the State failed to mail the arraignment notice to an address given by the defendant's sister. Vailencour, 81 Wash.App. at 377, 914 P.2d 767. The question there was whether this lack of due diligence was harmless where it was later shown that the address was incorrect. The court said, "Where it is conclusively shown that a particular failure by the State did not in fact deprive the defendant of such notice, we hold that reversal is not required." Vailencour, 81 Wash.App. at 377, 914 P.2d 767. But, the State must "demonstrate ... that a particular omission by it has had no practical consequence." Vailencour, 81 Wash.App. at 377, 914 P.2d 767. And the State must demonstrate "conclusively that no prejudice resulted to the defendant." Vailencour, 81 Wash. App. at 377, 914 P.2d 767.
The State contends that they conclusively established, as in Vailencour, that efforts to serve a warrant or mail a summons to 11515 205th Avenue East would have been futile. The State points to Goolsby's testimony that, if she received mail for Jones, she marked it "does not live here" and put it back in the mailbox. But the trial court found that Jones' mother "resided on the premises of 11515 205th Avenue East in a travel trailer, not connected to the main residence." The court also found that Jones slept in her mother's trailer approximately five hours per night.
Given these findings, the State did not conclusively establish that any attempts to serve Jones at the address it had for her *926 would have been futile. Deputy Wagner never stopped at the address to serve Jones or to talk with her mother about where Jones stayed. And the record does not conclusively show that any such effort would have been futile. Thus, even if we were to adopt the due diligence exception of Vailencour, the State failed to demonstrate that Jones was not prejudiced.
Affirmed.
MORGAN, J., and HUNT, J., concur.
NOTES
[1] We review findings of fact that are denominated as conclusions of law as findings of fact. Willener v. Sweeting, 107 Wash.2d 388, 394, 730 P.2d 45 (1986).