IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38739-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HUMBERTO ESTRADA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

COONEY, J. — Humberto Estrada, whose native language is Spanish, was granted a deferred prosecution following his arrest for driving under the influence of intoxicating liquor and/or drugs (DUI) and second degree driving while license suspended (DWLS 2).[1] In his petition for a deferred prosecution, Mr. Estrada waived the rights listed in RCW 10.05.020(3)(b) and entered a stipulation to facts in the event the deferred prosecution was later revoked.

Mr. Estrada was charged with a subsequent DUI offense during the pendency of the deferred prosecution. Based on the subsequent conviction, the district court revoked the deferred prosecution. After the prosecutor read the police report into the record, the

---

[1] Although Mr. Estrada was arrested for DUI (RCW 46.61.502); presumably, the State charged him with being in actual physical control of a motor vehicle while under the influence of intoxicating liquor (RCW 46.61.504). The record does not contain the charging document.

district court promptly found Mr. Estrada guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor (physical control) and DWLS 2. Without affording Mr. Estrada the right of allocution, the district court entered its judgment and sentence.

Mr. Estrada appealed to the superior court, alleging he was deprived of his right to due process and of allocution. Mr. Estrada further claimed that, at the time he entered into the deferred prosecution, his waiver of the right to a jury trial was not made knowingly, voluntarily, and intelligently. The superior court agreed that Mr. Estrada was denied his right to due process and of allocution. However, it disagreed that his waiver of the right to a jury trial was invalid.

We granted discretionary review as to the validity of Mr. Estrada's waiver of the right to a jury trial. Because this issue was not first raised in the district court, findings of fact and conclusions of law were not entered. Consequently, the record is insufficient to provide meaningful appellate review. Accordingly, we reverse the superior court and remand to the district court for further proceedings.

BACKGROUND

On December 14, 2017, Washington State Patrol Trooper J.M. Berezay stopped Mr. Estrada for speeding. Mr. Estrada, whose native language is Spanish, conversed with Trooper Berezay in English. When questioned whether he knew the reason for the stop, Mr. Estrada responded in the negative. When confronted with his speed, Mr. Estrada

2

denied the allegation.  Trooper Berezay then inquired as to where Mr. Estrada was

coming from and Mr. Estrada responded that he was coming from the casino.  Mr.

Estrada submitted to some standardized field sobriety tests and provided a preliminary

breath test.  Based on the results of the tests, Trooper Berezay arrested Mr. Estrada for

DUI.  Trooper Berezay read Mr. Estrada his *Miranda*[2] rights, which Mr. Estrada

confirmed he understood.  While at the breath test room, Trooper Berezay read Mr.

Estrada his *Miranda* rights a second time, which he again confirmed he understood.  Mr.

Estrada eventually provided two breath samples, resulting in ".160(IR)/.156(EC)" and

".156(IR)/.154(EC)."  Clerk's Papers (CP) at 134.

DISTRICT COURT PROCEEDINGS

Mr. Estrada desired an order of deferred prosecution, chapter 10.05 RCW, on the

charges of physical control and DWLS 2.  On September 12, 2018, both Mr. Estrada and

his attorney signed the petition for deferred prosecution and the advice and

acknowledgment of rights forms.  On February 2, 2019, both Mr. Estrada and his attorney

signed the acceptance of deferred prosecution and stipulation of facts form.

On February 13, 2019, Mr. Estrada petitioned the district court for an order of

deferred prosecution.  Before his petition was granted, the judge noted the presence of a

court-certified Spanish interpreter and engaged Mr. Estrada in a conversation.  Mr.

Estrada's attorney reported to the court, "'[Mr. Estrada has] completed everything he

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

needs to complete. He has a treatment plan in place. He went to the orientation. I believe he understands what is involved with this, so I believe this is the final step.'" Rep. of Proc. (RP) (Dec. 17, 2021) at 17. The judge confirmed Mr. Estrada's intent to enter the deferred prosecution, discussed his treatment plan, warned him not to commit further criminal violations, and granted his petition.

In November 2020, the district court was notified that on November 6, 2019, Mr. Estrada had been arrested for DUI in Kootenai County, Idaho, which resulted in a conviction. On April 13, 2021, the district court revoked Mr. Estrada's deferred prosecution. The prosecutor then read Trooper Berezay's report into the record. Based on the facts contained in the report, the district court found Mr. Estrada guilty of physical control and DWLS 2.[3] The district court promptly entered its judgment and sentence without first affording Mr. Estrada the right of allocution. Throughout the revocation hearing, bench trial, and sentencing, Mr. Estrada never raised the alleged invalidity of his waiver of the right to a jury trial. Mr. Estrada timely appealed to the superior court.

---

[3] In finding Mr. Estrada guilty, the district court stated:

> All right, so based on those facts I am making a finding beyond a reasonable doubt and finding him guilty of Physical Control. I believe it's under subsection 3(b). That was what the file indicates as well as 2nd Degree Driving While License Suspended. And I believe the ignition lock device had been dismissed at some point. So, those are the two convictions today after hearing all of the facts as read into the record by the prosecutor.

CP at 23.

No. 38739-9-III
*State v. Estrada*

SUPERIOR COURT PROCEEDINGS

On appeal to the superior court, Mr. Estrada argued that (1) absent a verification

from a court-certified interpreter that the deferred prosecution forms were interpreted

from English to Spanish, he did not knowingly, voluntarily, and intelligently waive his

constitutional rights; (2) he was denied due process during the revocation proceeding;

(3) there was insufficient evidence to support his convictions; and (4) the district court

erred when it failed to afford him the right of allocution.  The superior court agreed with

Mr. Estrada's second and fourth contentions,[4] concluding, "At the revocation hearing on

April 13, 2021, Mr. Estrada was not provided an opportunity to present evidence on his

behalf," and "Mr. Estrada was not provided an opportunity to exercise his right of

allocution during sentence."  CP at 181-82.  With these conclusions, the superior court

ordered:

> This matter be remanded to the District Court and a hearing be set for the
> revocation of Mr. Estrada's Deferred Prosecution where he is permitted the
> opportunity to present evidence in his defense and, should Mr. Estrada's
> Deferred Prosecution be revoked, provided the opportunity to exercise his
> right to allocution.

CP at 182-83.

Regarding the first issue, the superior court properly acknowledged that Mr.

Estrada must be informed of the constitutional rights he was waiving, including the right

_____

[4] The superior court's order is void of any findings of fact or conclusions of law related
to Mr. Estrada's third issue on appeal concerning the insufficiency of the evidence.

5

to a jury trial. The superior court appropriately concluded that, although it may be a best practice, certification of interpretation of the deferred prosecution documents is not required. In entering the deferred prosecution, the superior court noted that Mr. Estrada had signed all the required forms, wherein he voluntarily waived his right to a jury trial. This, according to the superior court, was sufficient to establish a voluntary, knowing, and intelligent waiver of his rights.

Mr. Estrada appealed to this court, arguing that his right to a jury trial was violated when the district court accepted his waiver without evidence it was either interpreted to him or translated for him by a court-certified interpreter. We granted discretionary review.

ANALYSIS

Mr. Estrada argues he did not knowingly, voluntarily, and intelligently waive his right to a jury trial because the interpreter did not certify that the deferred prosecution paperwork was interpreted to him. The State responded that Mr. Estrada's waiver of the right to a jury trial was valid, as evidenced by his conversation with the district court judge, Mr. Estrada and his attorney's signatures on the waivers, his attorney's representation that Mr. Estrada was waiving his right to a jury trial, and Mr. Estrada's ability to communicate in the English language.

We review cases involving a waiver of a right to a jury trial de novo. *State v. Vasquez*, 109 Wn. App. 310, 319, 34 P.3d 1255 (2001), *aff'd*, 148 Wn.2d 303, 59 P.3d

648 (2002); *State v. Treat*, 109 Wn. App. 419, 427, 35 P.3d 1192 (2001). Generally, when an appellate court examines the validity of a waiver of a right to a jury trial, "every reasonable presumption should be indulged against the waiver of such right, absent an adequate record to the contrary." *State v. Wicke*, 91 Wn.2d 638, 645, 591 P.2d 452 (1979). The waiver of a jury trial must be done either in writing or orally. *Treat*, 109 Wn. App. at 427. It is the State's burden to establish the validity of a waiver. *Wicke*, 91 Wn.2d at 645 (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). However, this court has found that Washington's rules regarding jury trial waiver contrast with the more stringent standards for waiving other rights (such as the right to counsel or the numerous rights waived when one enters a guilty plea). *State v. Pierce*, 134 Wn. App. 763, 772-73, 142 P.3d 610 (2006).

There is no dispute Mr. Estrada presented a signed waiver of the right to a jury trial. There is also no dispute the district court failed to obtain an oral waiver from Mr. Estrada. Therefore, the uncertainty lies in whether Mr. Estrada understood the waiver given that he was assisted by an interpreter during the court proceedings and that there was no record that the waiver had been interpreted or translated. The record before us is void of this information. Without a sufficient record we are not in a position to determine whether Mr. Estrada made a knowing, voluntary, and intelligent decision to waive his right to a jury trial. In light of the presumption against such a waiver, the validity of Mr. Estrada's waiver is, at best, questionable.

However, our analysis does not end here. Applying the ripeness doctrine can assist in identifying cases where a more developed factual record is necessary before a decision on the constitutionality of an issue can properly be made. *State v. Bahl*, 164 Wn.2d 739, 749, 193 P.3d 678 (2008). In deciding fitness for an appeal, three requirements control the determination: "'if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" *Id.* at 751 (quoting *First United Methodist Church of Seattle v. Hr'g Exam'r for Landmarks Pres. Bd.*, 129 Wn.2d 238, 255-56, 916 P.2d 374 (1996) (Dolliver, J., dissenting)). Notably, "[t]he court must also consider 'the hardship to the parties of withholding court consideration.'" *Id.* (quoting *First United*, 129 Wn.2d at 255 (Dolliver, J., dissenting)).

Here, Mr. Estrada has established but one factor—the issue is primarily legal. The record is in desperate need of further factual development, presumably due to Mr. Estrada's failure to raise the challenge before the district court. More compelling, however, is the challenged action is not final. Regardless of our opinion, the superior court reversed Mr. Estrada's conviction, reversed the revocation of his deferred prosecution, and remanded the matter for a new revocation hearing. These rulings were not appealed. Procedurally, Mr. Estrada has been granted the relief he sought.

On remand, should the district court decide against revocation of the deferred prosecution, Mr. Estrada's right to a jury trial will not be implicated. Alternatively, should the district court revoke the deferred prosecution, Mr. Estrada can raise the

No. 38739-9-III
*State v. Estrada*

alleged invalidity of his waiver, allowing for factual development of the record. Lastly, withholding consideration of this issue does not impose a hardship on the parties as the superior court's order remanding this case to the district court has not been challenged. Should Mr. Estrada be aggrieved following the new revocation hearing, he may file a subsequent appeal.

CONCLUSION

We reverse the superior court's order that concluded that Mr. Estrada made a knowing, voluntary, and intelligent waiver of his constitutional rights. We remand to the district court for a new revocation hearing pursuant to the superior court order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____     _____
Pennell, J.                             Staab, J.

9