[No. 14715-1-III.   Division Three.   November 12, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN F. FUSSELL, *Appellant*.

*Richard B. Kayne*, for appellant.

*John D. Knodell III, Prosecuting Attorney*, for respondent.

MUNSON, J. — It is an element of the crime of attempting to elude a pursuing police officer, RCW 46.61.024, that the officer who signals a driver to stop "shall be in uniform." At the trial of Stephen Fussell on a charge of attempting to elude, no one testified either of the sheriff's deputies who signaled him to stop was in uniform. Mr. Fussell appeals his conviction, contending the evidence was insufficient to support his conviction.

Mr. Fussell was charged under RCW 46.61.024:

> **Attempting to elude pursuing police vehicle—License revocation.** Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting

to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

The license or permit to drive or any nonresident driving privilege of a person convicted of a violation of this section shall be revoked by the department of licensing.

Deputies Courtney Conklin and Dave Ponozzo testified to the details of a high speed chase involving a vehicle driven by Mr. Fussell on April 1, 1994. They testified they were in a patrol car marked with Grant County insignia and Deputy Conklin activated the vehicle's red and blue overhead emergency lights shortly after he saw Mr. Fussell's vehicle traveling at excess speed. They also testified Mr. Fussell's vehicle traveled at speeds in excess of 100 miles per hour, left the roadway several times and endangered other motorists. The court entered written findings and conclusions including the statement "[t]he defendant was signaled to stop by a uniformed police officer . . . ." Mr. Fussell was found guilty.

■ ■ The requirement that the police officer be in uniform is an express element of the crime with which Mr. Fussell was charged. RCW 46.61.024; *State v. Stayton*, 39 Wn. App. 46, 49, 691 P.2d 596 (1984), *review denied*, 103 Wn.2d 1026 (1985). Mr. Fussell's challenge to the sufficiency of the evidence focuses on whether the evidence presented would permit the court to infer that he was signaled to stop by a uniformed officer. The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Baeza*, 100 Wn.2d 487, 490, 670 P.2d 646 (1983); *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980).

■ Neither the fact the deputies were on duty in a

marked patrol car nor evidence Mr. Fussell and his passenger realized the deputies were law enforcement officers, without more, is sufficient to permit a rational trier of fact to infer, beyond a reasonable doubt, that either deputy was in uniform. The evidence is insufficient to support the conviction.

Because the evidence failed to substantiate the charge, the case is dismissed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.