[No. 37109-6-I. Division One. March 17, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v.
QUALAGINE APERO HUDSON, *Appellant*.

*Kelly V. Curtin, Rosemary H. Kaholokula*, and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Robert T. Reischling, Deputy*, for respondent.

BAKER, C.J. — Qualagine Apero Hudson asks us to decide whether proof that an officer is in uniform is a necessary element of the crime of attempting to elude a pursuing police vehicle (eluding), RCW 46.61.024. This statute provides:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or willful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal *shall be in uniform* and his vehicle shall be appropriately marked showing it to be an official police vehicle.[1]

The eluding statute clearly requires evidence that the officer giving the signal to stop shall be in uniform.[2] The term "shall" in a statute is mandatory unless contrary legislative intent is apparent.[3] In construing a statute as a whole, we give meaning to all of its words.[4] Moreover, criminal statutes are strictly construed.[5]

Eluding occurs when (1) a uniformed officer in a marked vehicle gives a signal to stop, (2) a driver willfully fails to stop, and (3) the driver exhibits a willful or wanton disregard for others in attempting to elude the police vehicle.[6] The purpose of the statute is to "proscribe[ ] unreasonable conduct in resisting law enforcement activities."[7]

---

[1]RCW 46.61.024 (emphasis added).

[2]*State v. Fussell*, 84 Wn. App. 126, 127-28, 925 P.2d 642 (1996).

[3]*State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994).

[4]*State v. Gilbert*, 68 Wn. App. 379, 382, 842 P.2d 1029 (1993).

[5]*Gilbert*, 68 Wn. App. at 383.

[6]*State v. Stayton*, 39 Wn. App. 46, 49, 691 P.2d 596 (1984), *review denied*, 103 Wn.2d 1026 (1985).

[7]*State v. Trowbridge*, 49 Wn. App. 360, 362, 742 P.2d 1254 (1987).

In *Trowbridge* a challenge was raised to the sufficiency of the evidence that the police vehicle was marked. The court held that sufficient evidence was presented because the signal to stop was given by a uniformed officer standing beside a marked vehicle, even though pursuit was by an unmarked vehicle.[8] *Trowbridge* does not control the result in this case because there was no evidence here that the officers were in uniform.

The unchallenged findings[9] indicate that two officers were in a marked patrol vehicle when Hudson changed lanes in front of them. After running a check on the license plate, they learned that the car was stolen. The officers activated their emergency lights and siren. "Hudson attempted to elude them and willfully refused and failed to stop in willful and wanton disregard for the lives and property of others."[10]

Hudson admits that he "ran three stop signs, traveled along train tracks, and went through the front lawn of a residence."[11] Upon exiting the car, Hudson admits he heard one officer say "Stop" and the other say "Police." No testimony indicates whether these officers were in uniform.

■ The State urges us to rule that this evidence is sufficient to support the inference that the officers who pursued Hudson were in uniform. In reviewing a challenge to the sufficiency of the evidence, we view all facts and reasonable inferences in the light most favorable to the State and most strongly against Hudson to determine

---

[8]*Trowbridge*, 49 Wn. App. at 362-63.

[9]Unchallenged findings are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

[10]Clerk's Papers at 16: Finding of Fact 6.

[11]Appellant's Br. at 4. We note that Hudson was not charged with reckless driving, so we do not address that issue.

whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt.[12]

Evidence that the officers were in a marked vehicle and that Hudson probably knew that they were police officers, without more, is insufficient to permit a rational trier of fact to infer beyond a reasonable doubt that these officers were in uniform.[13] The evidence was insufficient to support the eluding conviction; therefore, we reverse and dismiss that conviction.

Hudson also initially asked us to determine whether attempting to return a stolen vehicle to its owner was a defense to taking a motor vehicle without permission (TMV), RCW 9A.56.070. At the fact finding hearing, Hudson testified that he recognized the vehicle after it had been stolen by someone else and was trying to return it to its owner at the time of this incident. The trial court accepted Hudson's explanation, but concluded that such intent did not provide a valid defense to the TMV charge. The State now concedes that the trial court's ruling was in error. The concession is well taken because the trial court's finding precludes the guilty intent to deprive required by the TMV statute.

Reversed.

GROSSE and WEBSTER, JJ., concur.

---

[12]*Fussell*, 84 Wn. App. at 128 (citing *State v. Baeza*, 100 Wn.2d 487, 490, 670 P.2d 646 (1983)).

[13]*Fussell*, 84 Wn. App. at 128-29.