IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | |
| | ) | No. 36284-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| ALYN JAMES SCHWINGE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Alyn J. Schwinge appeals his Klickitat County conviction for attempting to elude a police vehicle. He contends the evidence was insufficient to support the conviction because the State failed to prove the essential element that the officers were in uniform at the time of the pursuit. The State concedes the error. We reverse and dismiss the attempting to elude conviction and remand for resentencing on the remaining conviction for second degree assault—domestic violence, with a deadly weapon enhancement that Mr. Schwinge does not challenge on appeal. In view of recent caselaw and Mr. Schwinge's indigency, we also order the court to strike two costs that were imposed as legal financial obligations (LFOs).

FACTS

Alyn Schwinge's attempting to elude conviction originated from a September 27, 2018 incident in which he was alleged to have assaulted his ex-girlfriend, Kcarsidy Tylor,

with a knife inside their camper trailer.[1]  Ms. Tyler's mother called law enforcement and

reported the incident.  Sheriff's Deputy Edward Gunnyon was first to respond.  Upon

seeing the deputy, Mr. Schwinge went to his car and sat in it.  When the deputy

approached, Mr. Schwinge started the car and refused the deputy's repeated requests to

turn off the engine and talk to him.  Instead, Mr. Schwinge spun out and sped off in the

car—nearly hitting the patrol car of another deputy who had just arrived and attempted to

block him from leaving.  Both deputies gave chase in their patrol vehicles until Mr.

Schwinge's vehicle became high centered and he fled on foot.  The State presented

evidence that the deputies utilized lights and sirens, but the State did not produce any

evidence that either deputy was in uniform at the time of the pursuit.  The jury found Mr.

Schwinge guilty of attempting to elude.

The court imposed a 26-month sentence (including a 12-month deadly weapon

enhancement) for the assault, and a concurrent 5-month sentence for the attempting to

elude.  The court also imposed LFOs including a $500 victim assessment, a $100

domestic violence assessment, a $200 criminal filing fee, and a $100 deoxyribonucleic

acid (DNA) collection fee.  The court made no express inquiry or finding as to Mr.

Schwinge's ability to pay LFOs, but on the day after sentencing found him indigent for

---

[1] Mr. Schwinge was also tried on two counts of second degree assault domestic violence with a deadly weapon and was acquitted on one of those counts.  The facts pertaining to the unchallenged assault count of conviction predated the September 27 incident and are unimportant to this appeal.

appeal purposes based on his declaration that he had no income in the past 12 months, had $5000 in debt, and supported three dependent children. Mr. Schwinge timely appealed to this court. A panel considered his appeal without hearing oral argument.

## ATTEMPTING TO ELUDE CONVICTION

Mr. Schwinge contends the evidence was insufficient to support the attempting to elude conviction because the State did not submit any proof that the deputies were in uniform at the time of the pursuit.

The test for determining the sufficiency of the evidence is whether, viewing the evidence and all reasonable inferences from that evidence in the light most favorable to the State, any rational trier of fact could have found the crime's essential elements beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The requirement that the police officer be in uniform is an express element of attempting to elude a police vehicle. RCW 46.61.024; *State v. Fussell*, 84 Wn. App. 126, 128, 925 P.2d 642 (1996). The State concedes there was no such proof here, and that the evidence is therefore insufficient to support Mr. Schwinge's conviction. We agree and accept the State's concession. The attempting to elude conviction is reversed and the charge dismissed. With a reduction in his offender score, Mr. Schwinge must be resentenced for the second degree assault conviction.

LFOs

Mr. Schwinge had received no income for 12 months at the time of sentencing and was indigent as defined by RCW 10.101.010(3)(c) (receiving income of one hundred twenty-five percent or less of the current federally established poverty level). He remains indigent on appeal. He thus contends the $200 criminal filing fee and $100 domestic violence assessment must be struck from his judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary LFOs on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *State v. Ramirez*, 191 Wn.2d at 745-47. Among the changes was an amendment to former RCW 36.18.020(2)(h) to prohibit the imposition of the $200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17(2)(h). As held in *Ramirez*, the 2018 amendments to the LFO statutes apply prospectively to cases "pending on direct review and thus not final when the amendments were enacted." *Ramirez*, 191 Wn.2d at 747. Accordingly, the changes in law apply to Mr. Schwinge's case. The $200 criminal filing fee should be struck pursuant to *Ramirez*. Also, the $100 domestic violence assessment is a discretionary cost. RCW 10.99.080(1). As such, it falls under the *Ramirez* umbrella and should be struck.

In its response brief, the State does not address the $100 domestic violence assessment but concedes that the $100 DNA fee should be struck. We perceive this as an

inadvertent reference to the DNA fee, which Mr. Schwinge does not seek to strike. The $100 DNA collection fee is mandatory "unless the State has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.7541. Mr. Schwinge's criminal history includes one prior felony—an Oregon theft conviction. On remand, the court should determine whether his DNA has been previously collected and either retain or strike the fee accordingly.

Mr. Schwinge also requests that we deny the State an award of appellate costs in the event the State substantially prevails. In light of his ongoing indigency and because the State has not substantially prevailed on appeal, no costs will be awarded under RAP 14.2.

The conviction for attempting to elude a police vehicle is reversed and dismissed. Remanded for resentencing and to strike LFOs in accordance with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Fearing, J.                                              Siddoway, J.