IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35718-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| MICHAEL E. CONNORS JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Michael Connors appeals his conviction for attempting to elude a police vehicle. He claims the State presented insufficient evidence that he had been pursued by a police officer "in uniform." We disagree with this contention and affirm.

FACTS

Mr. Connors was driving a stolen car when he failed to respond to a signal to stop issued from a police vehicle. Instead of stopping, Mr. Connors sped away to an apartment complex. He then abandoned the stolen car and fled on foot until he was

apprehended by the pursuing officer. The officer described his own attire at the time of

the incident as including

> a black external vest carrier, so it actually goes over normal clothes, has all
> my normal duty gear, I just carry it on a vest in front of me instead of on a
> belt. It has a Spokane Police badge on the front; it's a patch. And then it
> has clear block reflective letters across the back that say police. Then I
> wear a drop-down style holster and it has a shiny silver Spokane Police
> badge on the front of my leg.

Report of Proceedings (RP) (Nov. 13, 2017) at 86.

Mr. Connors was charged with, and convicted of, attempting to elude a police

vehicle and possession of a stolen motor vehicle. He appeals his eluding conviction.

ANALYSIS

A conviction for attempting to elude a police vehicle requires the State to prove,

beyond a reasonable doubt, that the defendant was signaled to stop by a uniformed police

officer. *State v. Hudson*, 85 Wn. App. 401, 403, 932 P.2d 714 (1997); *State v. Fussell*,

84 Wn. App. 126, 127, 925 P.2d 642 (1996). The pertinent language of the eluding

statute is as follows:

> Any driver of a motor vehicle who willfully fails or refuses to immediately
> bring his or her vehicle to a stop and who drives his or her vehicle in a
> reckless manner while attempting to elude a pursuing police vehicle, after
> being given a visual or audible signal to bring the vehicle to a stop, shall be
> guilty of a class C felony. The signal given by the police officer may be by
> hand, voice, emergency light or siren. The officer giving such a signal *shall
> be in uniform* and the vehicle shall be equipped with lights and sirens.

2

RCW 46.61.024(1) (emphasis added).

Mr. Connors argues the State's evidence was insufficient to meet this standard because the officer who signaled Mr. Connors to stop was predominantly dressed in "normal clothes," accompanied by a police vest and badges. Br. of Appellant at 1, 4; RP (Nov. 13, 2017) at 86. The merits of Mr. Connors's argument turns not on the nature of the State's proof (the facts are uncontested), but on the meaning of the word "uniform." This is a matter of statutory interpretation, which we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

When interpreting statutory text, our fundamental goal is to discern legislative intent. *In re Marriage of Schneider*, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). When a statute does not define a term, courts will give the term "'its plain and ordinary meaning unless a contrary legislative intent is indicated.'" *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011) (quoting *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998)). Generally, courts derive the plain meaning from context as well as related statutes. *State v. Barnes*, 189 Wn.2d 492, 495-96, 403 P.3d 72 (2017). But a standard English dictionary may also be employed to determine the plain meaning of an undefined term. *Id*. at 496 (citing *State v. Fuentes*, 183 Wn.2d 149, 160, 352 P.3d 152 (2015)).

Because the term "uniform" is not defined by RCW 46.61.024, we look to the dictionary for assistance. A "uniform" is defined as a "dress of a distinctive design or fashion adopted by or prescribed for members of a particular group . . . and serving as a means of identification," and "a garment or outfit of a widely copied style or prescribed design." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2498 (1993). In the context of the eluding statute, this definition appears to contemplate that the signaling or pursuing officer is wearing department-issued clothing that clearly communicates the officer's official status to members of the general public.

The clothing described during Mr. Connors's trial readily meets the ordinary definition of a "uniform." The vest worn by the officer was specific to the Spokane Police Department. It served to notify the public that the officer was an official member of the police department. The fact that the officer wore "normal clothes" under his police vest does not mean he was not wearing a uniform. Some uniforms are comprehensive from head to toe. Others are not. *See, e.g.*, *People v. Estrella*, 31 Cal. App. 4th 716, 724, 37 Cal. Rptr. 2d 383 (1995) (marked police vest constituted distinctive police uniform). The eluding statute makes no preference. So long as an officer deploying the signal to stop is attired in a distinctive garment that clearly identifies him as a member of law enforcement, the statutory requirement of a "uniform" is met.

No. 35718-0-III
*State v. Connors*

CONCLUSION

The judgment of conviction is affirmed.

_____
Pennell, A.C.J.

WE CONCUR:

_____     _____
Siddoway, J.                          Fearing, J.

5