IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36559-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEVEN PAUL WHITE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Steven White appeals his conviction for third degree assault, predicated on RCW 9A.36.031(1)(k). He argues the State failed to prove various elements of that subsection. Here, White assaulted a fellow inmate in a waiting area immediately adjacent to the district/municipal court video conference room. But because that room was not being used for court proceedings at the time of the assault, we reverse and remand for entry of judgment and resentencing for fourth degree assault.

FACTS

The Spokane County Jail contains two video conference rooms that are connected to the Spokane County Courthouse by closed circuit television, a district/municipal court video conference room, and a superior court video conference room. Judges regularly use

video conferencing to preside over court hearings taking place in the jail. This process reduces the cost and security risks for transporting restrained prisoners to courthouses.

Before bringing inmates into the superior court video conference room, the corrections staff brings them into a holding room where they wait for their cases to be called. Inmates take an indirect route from the holding room to the superior court video conference room. Corrections staff escort inmates from the holding room down a hallway, around a corner, down another hallway, through a door into the district/municipal court video conference room, and then make a left turn through a door that opens into the superior court video conference room. A common wall is shared by the holding room and the district/municipal court video conference room. Opposite that common wall, another common wall is shared by the district/municipal court video conference room and the superior court video conference room.

Required signage is posted in the holding room, the entrance to the district/municipal court video conference room, and within the superior court video conference room. The signs read:

No. 36559-0-III
*State v. White*

       ASSAULT IN THE COURTHOUSE IS A FELONY

       WARNING:  A person is guilty of assault in the third degree if he or she assaults a person located in a courtroom, jury room, judge's chamber, or any waiting area or adjacent corridor that is being used for judicial purposes during court proceedings.  It is also an aggravating circumstance for sentencing purposes that a felony crime against a person occurs in such a location when being used for judicial purposes during court proceedings. RCW 9A.36.031.

Exs. P1—P6.

       In January 2018, White and Freddie Thompson were in the holding room waiting for their superior court video conference hearings.  While there, White accused Thompson of raping someone.  White approached Thompson and told him to stand up. As Thompson began to stand, White punched him multiple times in the head and face. Corrections staff came in and stopped the fight.  The fight occurred between 8:58 a.m. and 8:59 a.m.  Superior court video conference proceedings were not scheduled to start until 9:00 a.m.

       The State charged White with assault in the third degree, citing RCW 9A.36.031(1)(k).  That subsection elevates fourth degree assault to third degree assault, provided that various requisites are met.

3

The case proceeded to trial. After the State rested, White moved to dismiss the charge on various bases, including those argued on appeal. The trial court denied White's motion.

The court instructed the jury on third degree assault and the lesser included offense of fourth degree assault. During closing, White conceded he committed fourth degree assault. The jury found White guilty of third degree assault. White timely appealed.

ANALYSIS

White argues the State failed to produce sufficient evidence that he committed third degree assault under RCW 9A.36.031(1)(k), which provides in relevant part:

> (1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:
> . . . .
> (k) Assaults a person located in . . . any waiting area . . . immediately adjacent to a courtroom . . . . This section shall apply only . . . [d]uring the times when a courtroom . . . is being used for judicial purposes during court proceedings [and] if signage was posted in compliance with RCW 2.28.200 at the time of the assault.

White argues the State's evidence was insufficient to prove the superior court video conference room was a courtroom. He also argues the State's evidence was insufficient to prove the assault occurred immediately adjacent to a courtroom being used during court proceedings. We agree with his second argument and decline to reach his first.

4

Statutory construction is a question of law that this court reviews de novo. *Cortez-Kloehn v. Morrison*, 162 Wn. App. 166, 170, 252 P.3d 909 (2011). Statutes are construed by applying well settled principles. *Id.* The purpose of statutory construction is to give effect to the legislature's meaning and intent. *Roberts v. Johnson*, 137 Wn.2d 84, 91, 969 P.2d 446 (1999). If a statute is clear and unambiguous, it does not need interpretation. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). Thus, we always begin with the statute's "'plain language and ordinary meaning.'" *Id.* (quoting *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)). When interpreting a statute with undefined terms, this court will give those terms their plain and ordinary meaning, unless there is contrary legislative intent. *State v. Connors*, 9 Wn. App. 2d 93, 95-96, 442 P.3d 20, *review denied*, 193 Wn.2d 1041, 449 P.3d 656 (2019). This court may use a standard, English dictionary to help guide it to a word's plain and ordinary meaning. *Id.* at 96.

THE HOLDING ROOM WAS NOT IMMEDIATELY ADJACENT TO A COURTROOM BEING USED FOR COURT PROCEEDINGS

White does not dispute that the jail holding room is a waiting area, as contemplated by the statute. Instead, he argues the statute requires the waiting area to be immediately adjacent to a courtroom being used for court proceedings, and the State failed to prove this. We agree.

The plain language of the statute required the State to prove that the holding room was "immediately adjacent" to an area such as a courtroom. The legislature did not define the term "immediately adjacent." A common dictionary definition for "adjacent" is "not distant: NEARBY." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 16 (11th ed. 2014). A common dictionary definition for "immediately" is "in direct connection or relation." *Id.* at 621. Taken together, the phrase "immediately adjacent" means nearby and directly connected.

The State proved that the holding room is nearby and directly connected to the district/municipal court video conference room. Although the two rooms are not immediately accessible, they share a common wall.

But this does not end our inquiry. The statutory subsection applies only "[d]uring the times a courtroom . . . is being used for judicial purposes during court proceedings [and] if signage was posted in compliance with RCW 2.28.200 at the time of the assault." RCW 9A.36.031(1)(k). Here, the State presented no evidence that the district/municipal court video conference room was being used for court proceedings at the time of the assault.

The State implies that the waiting area need not be immediately adjacent to *the* courtroom being used for court proceedings, as long as it is immediately adjacent to *a*

courtroom. Consistent with this argument, the statutory phrase quoted in the paragraph above speaks of "a" courtroom, not "the" courtroom.

But were we to accept the State's implied argument, this would produce results inconsistent with other statutory language. For example, the statute requires signage to warn potential offenders of the increased penalty for assaults occurring in certain areas. But if signage in *any* courtroom was sufficient, a defendant could be convicted of third degree assault without receiving the specific warning required by the statute. We, therefore, construe RCW 9A.36.031(1)(k) as requiring the "immediately adjacent" courtroom to be the same courtroom as the one being used for court proceedings at the time of the assault.

The State and White agree that reversal of White's third degree assault conviction should result in remand for entry of judgment and resentencing for fourth degree assault. *See In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 294, 274 P.3d 366 (2012) (court reversing conviction may remand for entry of judgment and resentencing on lesser included offense, if jury was explicitly instructed on lesser offense). We accept their agreement, and so order.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

7

No. 36559-0-III
*State v. White*

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.                                    Pennell, J.

8