IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>     v.<br><br>STEPHEN VINCENT VASQUEZ,<br><br>               Appellant. | No. 87209-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — A Okanagan jury convicted Stephen Vasquez of four counts of robbery in the first degree, two counts of assault in the second degree, one count of attempted robbery in the first degree—all with a deadly weapon enhancement—and attempting to elude law enforcement. He now claims the evidence was insufficient to support (only) the attempted robbery and attempt to elude convictions. He also makes two claims of error which the State concedes and raises numerous other allegations in his statement of additional grounds for review (SAG). We affirm.

## I. BACKGROUND

Over the course of two weeks at the end of October and beginning of November, 2021, Vasquez robbed four gas station convenience stores with a knife, dressed in all black and wearing a mask and a hood, and he also attempted

to enter a fifth station which was locked. The attempted robbery occurred third in the series of five total incidents. After the last robbery, a law enforcement officer observed Vasquez driving a vehicle leaving the scene, and several officers responded in a pursuit at high speed and ultimately apprehended him. Following a six day trial, a jury convicted Vasquez on all counts. He timely appeals.

## II.    ANALYSIS

### A.    Sufficiency of the Evidence

In reviewing a challenge to the sufficiency of evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. Id. And all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. Id. "In determining the sufficiency of the evidence, circumstantial evidence is not to be considered any less reliable than direct evidence." State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). A sufficiency analysis is "highly deferential" to the jury's verdict. State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). The appellate court defers to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Bergstrom, 199 Wn.2d 23, 41, 502 P.3d 837 (2022).

### 1. Attempted Robbery

Vasquez claims there is insufficient evidence to sustain his conviction for

attempted robbery in the first degree because the State did not prove Vasquez took a substantial step toward the commission of the robbery. We disagree.

"The question of what constitutes a 'substantial step' under the particular facts of the case is clearly for the trier of fact." State v. Workman, 90 Wn.2d 443, 449, 584 P.2d 382 (1978). "Mere preparation to commit a crime is not an attempt." State v. Townsend, 105 Wn. App. 622, 631, 20 P.3d 1027 (2001). "[F]or conduct to be a substantial step it must be strongly corroborative of the actor's criminal purpose." Workman, 90 Wn.2d at 452.

Our Supreme Court held in Workman, "[w]e find it appropriate to adopt the Model Penal Code approach to the definition of a substantial step." Id. The court provided examples of conduct which the code specifies are sufficient as a matter of law to constitute a substantial step. Id. at 451-52. These include "lying in wait, searching for or following the contemplated victim of the crime," "reconnoitering the place contemplated for the commission of the crime," and "possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances." Id. n. 2.

As shown on video footage outside of the station from the night of the attempted robbery, Vasquez walked towards the gas station dressed all in black, wearing a mask covering his face, and a hat with a visor, with the hood of his jacket pulled over it. He held an object that appeared to be a knife by his side as he approached the store, with the blade open as he walked to the entrance. He pulled on the door handle, and then walked away after he could not open it.

Vasquez argues that none of these actions constituted a substantial step and that, instead, the State needed to show he took a further action, such as: pulling vigorously at door; running away; having some kind of verbal exchange with the store's employees where he demands something or makes a verbal or physical threat with the knife; or even a confession that he attempted to rob the station. That is simply not the standard.

Several of the actions he took as he approached the store are analogous or identical to the code's examples of substantial steps, including that he was in "possession of materials to be employed in the commission of the crime [the knife], which . . . can serve no lawful purpose of the actor under the circumstances." Workman, 90 Wn.2d at 452., n. 2.

Moreover, on the State's motion, the court joined and tried each charged robbery together, finding each crime cross-admissible under ER 404(b). The various robberies were properly treated as part of a common scheme or plan, as they shared numerous common elements. They involved similar specific actions, such as the choice to park a distance away from a target gas station. They involved similar attire, with Vasquez wearing all black and covering his face with a mask. And they involved the same weapon—a knife.

Vasquez does not assign error to those decisions, nor the finding that he employed "a single plan used repeatedly to commit separate but very similar crimes." State v. DeVincentis, 150 Wn.2d 11, 19, 74 P.3d 119 (2003). Vasquez did not ask for a limiting instruction prohibiting the use of the facts underlying the common scheme or plan for uses other than propensity, and does not contest any

of these underlying facts in his reply.  Thus, the jury, not only had the video footage described above, but it had evidence that those actions were part of a common scheme or plan where they eventually determined robberies occurred.  Id. Together, this provides sufficient evidence "strongly corroborative" of a criminal purpose to rob the store.  Workman, 90 Wn.2d at 452.  In turn, a rational jury could conclude that he intended, and took a substantial step toward, the commission of robbery.  Salinas, 119 Wn.2d at 201.  And, thus, Vasquez's assignment of error fails.

2.  Attempt to Elude Uniformed Officers

Vasquez next argues that there is insufficient evidence to uphold his conviction for attempting to elude law enforcement because none of the officers who were involved in the vehicle pursuit testified that they were wearing a uniform at the time, contrary to RCW 46.61.024(1).  We again disagree.

It is true that it is an element of the crime of attempting to elude that the officer who commands a defendant to stop "shall be in uniform."  RCW 46.61.024(1).  But, the jury was presented with evidence from which it could reasonably infer that law enforcement was in uniform during the pursuit.

Namely, the officer, Eric Orr, who initiated the pursuit of Vasquez's vehicle testified that he activated his patrol lights and sirens once it became apparent from the car's high speed that the driver was trying to flee.  Officer Orr also testified that he was wearing "gear" during what-became a foot chase.  After he ultimately lost sight of Vasquez, he told the jury he searched the area for approximately half an hour and then returned to the site of the robbery, where he touched base with other

5

law enforcement officers. The jury saw body worn camera video footage of that conversation between the officers back at the gas station, shortly after the pursuit. Officer Orr and multiple other officers can be seen dressed in full uniform. Officer Orr is specifically identifiable, as his name is sewn onto his uniform in large lettering.

Contrary to Vasquez's argument, this evidence is more than "a mere scintilla of evidence" that Officer Orr was wearing a uniform as he pursued Vasquez. State v. Fateley, 18 Wn. App. 99, 102, 566 P.2d 959 (1977). Viewing the evidence before the jury in the light favorable to the State, drawing all reasonable inferences from it, and treating circumstantial evidence as equally reliable to direct evidence, there was sufficient evidence before the jury from which it could reasonably infer Officer Orr was in uniform during the pursuit. Salinas, 119 Wn.2d at 201; Delmarter, 94 Wn.2d at 638.

In response, Vasquez cites to State v. Fussell, 84 Wn. App. 126, 128-29, 925 P.2d 642 (1996) and State v. Hudson, 85 Wn. App. 401, 405, 931 P.2d 714 (1997), which similarly held that "[n]either the fact the deputies were on duty in a marked patrol car, nor evidence [the defendant] realized the deputies were law enforcement officers, *without more*, is sufficient to permit a rational trier of fact to infer, beyond a reasonable doubt, that either deputy was in uniform." (Emphasis added.) These cases are distinguishable. Here, Officer Orr's testimony that he was in gear and the video evidence showing him in uniform is the "more" evidence that satisfies RCW 46.61.024(1).

Finally, there is no authority that requires the State to elicit testimony from

Officer Orr defining the term "gear" or affirmatively stating he had not changed clothing between the time of the pursuit and the conversation at the station, contrary to Vasquez's suggestions. Thus, this assignment of error fails.

B.    Merged Counts

At Vasquez's sentencing hearing, the court followed the agreed recommendation of the parties to merge counts 2 and 7 for assault in the second degree with counts 1 and 6 for robbery in the first degree, which together comprised two of the robberies. The court's judgment and sentence, however, did not vacate the convictions for assault in the second degree, though it did not count those convictions in its sentencing calculation.

As the State concedes, when a crime merges, the conviction is vacated. State v. Freeman, 153 Wn.2d 765, 774, 108 P.3d 753 (2005). We accept the State's concession.

C.    Fees

At sentencing, the trial court found Vasquez indigent. It then imposed a $500 victim penalty assessment (VPA)[1] and $100 DNA collection fee in his judgment and sentence.[2] Although the total legal financial obligations it specifies

---

[1] Formerly, RCW 7.68.035(1)(a) mandated a $500 victim penalty assessment for all adults found guilty in superior court of a crime. State v. Mathers, 193 Wn. App. 913, 918, 376 P.3d 1163 (2016). In 2023, our legislature amended RCW 7.68.035 to state that "[t]he court shall not impose the penalty assessment under this section if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). Further, courts are required to waive VPAs imposed prior to the 2023 amendments, on the offender's motion. Id.; RCW 7.68.035(5)(b).

[2] Alongside amendments to victim penalty assessments, the legislature also amended statutes governing DNA collection fees, eliminating the fee for all defendants. LAWS OF 2023, ch. 449, § 4. Further, courts are required to waive any

is $600, the list in the document also includes a $200 criminal filing fee.[3] Vasquez requests we remand to strike all three legal financial obligations from his judgment and sentence. The State concedes they should be stricken. We accept its concession and remand the case to the trial court to strike the DNA collection fee, VPA, and criminal filing fee in accordance with RCW 7.68.035(4), RCW 43.43.7541(2), and RCW 36.18.020(h).

D.    Statement of Additional Grounds

Vasquez has submitted a pro se SAG pursuant to RAP 10.10, seeking dismissal of his charges, a new trial with certain evidence suppressed, or a reduced sentence. He makes numerous claims of error and raises some allegations repeatedly while attributing the same error to more than one actor. We consolidate his grounds into six categories, which we address in turn below: (1) discovery violations, (2) ineffective assistance of counsel, (3) alleged illegal actions by law enforcement, (4) procedural errors by the trial court, (5) prosecutorial misconduct, and (6) other high-level legal errors, including mistakes in his judgment and sentence and constitutional violations concerning the prohibition against double jeopardy and the right to a speedy trial.

First, Vasquez alleges the State committed two discovery violations, but the evidence in the record he points to does not bear out the claim that any evidence was improperly withheld.

---

DNA collection fee imposed prior to the 2023 amendments, on the offender's motion. Id.; RCW 43.43.7541(2).

[3] In addition, the criminal filing fee may now be waived upon motion by the defendant and also may no longer be imposed upon indigent defendants. RCW 36.18.020(h).

Second, Vasquez asserts many ways in which his counsel was ineffective. He claims his attorneys were ineffective because they did not communicate with him sufficiently, did not challenge and suppress evidence he believes was unlawfully obtained, did not request a particular jury instruction, did not secure expert defense witnesses and other potential suspects, did not raise legal arguments he requested they make, such as improper joinder, and he also alleges they committed professional misconduct. Vasquez has not sufficiently identified the nature of several of these alleged errors to permit our appellate review. See RAP 10.10(c). In other words, several of his claims involving ineffective assistance are too unclear for us to analyze further.[4] Many others rely on assertions that are not bolstered by credible evidence beyond what is written in his own letter, or do not cite to any supportive evidence in the record. Further, Vasquez does not establish ineffective assistance of counsel on the facts in this record because he does not show there was no reasonable tactic behind the choices made by his attorneys that he contests, or that his claimed errors altered the outcome of his case.[5]

Third, we do not reach Vasquez's grounds that make allegations law enforcement engaged in illegal practices during his vehicle pursuit, by improperly coercing witness identifications, and intentionally arousing prejudice in the local

---

[4] We are not required to address a claim that is too vague to allow us to identify the issue. State v. Bluehorse, 159 Wn. App. 410, 436, 248 P.3d 537 (2011).

[5] A successful claim of ineffective assistance of counsel requires a defendant to establish both objectively deficient performance and resulting prejudice. State v. Emery, 174 Wn.2d 741, 754-55, 278 P.3d 653 (2012).

community as they rely on factual matters outside this record.[6]

Vasquez's next broad contention is that the court abused its discretion—specifically, that it erred by not giving a limiting instruction to the jury, in granting joinder, denying his request for new counsel, refusing to allow him to voice assertions during his trial, and not declaring a mistrial. The instructional claim fails because the record indicates the court *did* properly instruct the jury; it explained the State bore the burden on every element of every charge and advised the jury it had to decide each count separately without permitting any one of its verdicts to control its decision on another. Further, he does not establish that joinder was improper or succeed in demonstrating prejudice even if it were, because his reasoning is contingent upon his claims that the State's evidence was unlawfully obtained, which again, rely on facts outside the record.[7] He also fails to engage with the court's reasoning on other decisions it made that he challenges, in order to demonstrate they resulted from an abuse of discretion. He does not explain why it was legally wrong for the court to decide that his disagreement with trial counsel was not a sufficient reason to replace them or that it was inappropriate to

---

[6] We cannot consider grounds for review for which the allegations rest on matters outside the record. State v. Kinzle, 181 Wn. App.774, 786, 326 P.3d 870 (2014). Issues that involve facts or evidence outside the record are properly raised through a personal restraint petition, not a statement of additional grounds. State v. Calvin, 176 Wn. App. 1, 27, 316 P.3d 509 (2013).

[7] Joinder is appropriate where offenses "[a]re based on the same conduct, or on a series of acts connected together or constituting parts of a single scheme or plan." State v. Bryant, 89 Wn. App. 857, 866, 950 P.2d 1004 (1998) (alteration in original) (emphasis omitted). And "actual prejudice must be considered in determining, at the appellate level, whether joinder was proper as a matter of law." Id. at 865.

permit him to personally raise legal arguments to the court in front of the jury. Lastly, we do not reach his assertion the court erred because it did not declare a mistrial, as there is no evidence in this record for his allegations of jury misconduct other than what is written in his own letters.

In addition, Vasquez's claims involving prosecutorial misconduct are also based in his arguments about the State's evidence that are not in the record and thus not properly raised on direct appeal, concerning the lawfulness of the vehicle pursuit, and propriety of allegedly coerced witness identifications and perjured testimony.

Finally, Vasquez's remaining assertions of legal error do not merit relief.  As to his judgment and sentence, we do not further discuss the merger issue which the briefs already address, and we cannot decipher the reasoning or legal authority behind his apparent suggestion he should have received a lower sentence based on a lower offender score or calculation without weapons enhancements.[8]  As to his asserted double jeopardy violation, he does not point to any law that supports his claim he was punished twice for the same conduct because he received a civil punishment—his vehicle was seized—while waiting to be punished criminally for the same charges that produced that seizure of property.[9]  For the claimed speedy

---

[8] Arguments adequately addressed in an opening brief are not proper for a statement of additional grounds.  See RAP 10.10(a); State v. Jackson, 129 Wn. App. 95, 98 n. 6, 117 P.3d 1182 (2005).  We also are not required to address an argument that simply makes a "bald assertion" with no citation to the record or authority.  State v. Frahm, 3 Wn. App. 2d 812, 827 n. 7, 418 P.3d 215, 223 (2018).

[9] To the contrary, we have held, "[t]he fact that the basis for the civil forfeiture may be criminal activity does not render the forfeiture proceeding either criminal or a resulting forfeiture punishment for double jeopardy purposes." State v. Catlett, 133 Wn.2d 355, 364-65, 945 P.2d 700, 704 (1997).

trial violation, he does not provide any record cites behind his claim.[10]

In summary, we do not review a number of the grounds raised by Vasquez's SAG, and none of the others establish an entitlement to appellate relief. Several do not develop a sufficiently clear explanation for our review and many others do not permit consideration because they rely on facts that are simply not included in the record. RAP 10.10(c). For those of his claims we do consider, Vasquez voices clear disagreement with particular decisions made by his counsel and the trial court, but he does not present cogent argument or authority in support of his claims of legal error or succeed in showing how they prejudiced the outcome of his case.

### III.    CONCLUSION

We remand with instructions to vacate the two merged counts of assault in the second degree and strike the fees in Vasquez's judgment and sentence, and otherwise affirm.

_Díaz, J._

WE CONCUR:

_Coburn, J._          _Smith, C.J._

---

[10] "[T]he appellate court is not obligated to search the record in support of claims made in a defendant's statement of additional grounds for review." RAP 10.10(c); We are not obligated to search the record in support of his claims. State v. O'Connor, 155 Wn. App. 282, 293, 229 P.3d 880 (2010).